```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA                  :
                                          :
        -v.-                              :   1:19-cr-867 (PAC)
                                          :
SHAKEIL CHANDLER                          :   OPINION & ORDER
                                          :
                  Defendant.              :
------------------------------------------------------------ x
```

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendant Shakeil Chandler moves to be released on bail on the grounds that restrictions at the Metropolitan Correctional Center ("MCC") in response to the ongoing COVID-19 pandemic have interfered with his ability to confer with counsel and prepare for his upcoming criminal trial. The Government opposes the motion. The Defendant's motion is GRANTED.

## DISCUSSION

Chandler was arrested on November 20, 2019 for being a felon in possession of a firearm and brought before Magistrate Judge Sarah Netburn, who denied bail.[1] (Dkt. 1, at 1, 4; Dkt. 4, at 1). Chandler was indicted on the one count under 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2; he was arraigned before this Court, and pled not guilty. (Dkt. 6; Minute Entry dated Dec. 9, 2019). This Court recognized the merits of defense counsel's arguments regarding the lapse of time since Chandler's last offense and his conduct since his release but denied the Defendant's renewed application for bail on December 16, 2019. (Tr., Dkt. 9, at 22:3–22).

---

[1] Chandler has a prior conviction for a manslaughter in the first degree that occurred in 2006, when Chandler was 19 years old. (Tr., Dkt. 9, at 3:12–18, 16:3–8). Chandler had been out of prison for five years before his recent arrest, the first two and a half of which were spent on supervised release. (*Id.* at 3:19–25).

Then, in a letter dated March 4, 2020, Chandler again sought a bail hearing after the MCC had been shut down continuously since February 27, preventing Chandler from meeting with his lawyer. (Dkt. 15, at 1, 2). This first set of restrictions came as the BOP sought, and ultimately recovered, a loaded gun that was smuggled into an MCC housing unit. (Dkt. 17, at 3). Chandler's attorney wrote at the time that the Government had recently turned over material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) that, in the words of the defense, "directly undercut[s] the prosecution's theory of the case and provide[s] evidence that Mr. Chandler did not possess a firearm"—the single criminal count with which the Defendant is charged. (*Id.* at 2). At that point, his trial was scheduled for April 27. (*Id.* at 2). At a conference on March 9 this Court denied the bail application but, in recognition of Chandler's right to prepare his defense, adjourned the trial to May 11. (Minute Entry dated Mar. 9, 2020; Dkt. 17, at 3).

Defense counsel writes that restrictions imposed at the MCC due to the ongoing COVID-19 crisis have only increased the difficulty of preparing for Chandler's trial.[2] The Bureau of Prisons on March 13 announced a 30-day suspension of all visits to federal correctional facilities, including the MCC. (Dkt. 16, at 8). Since then, Chandler's counsel has been entirely unable to communicate with him in person or by video conference, and had only one phone call with Chandler that lasted less than five minutes and was not private. (*Id.*; Dkt. 18, at 3). The situation seems unlikely to improve in the near future. Chandler maintains his innocence. He moves for temporary pre-trial release under 18 U.S.C. § 3142(i), which permits a court to order the

---

[2] Chandler's counsel reports that, "since March 13, the MCC has issued hand soap to inmates in Mr. Chandler's housing unit only two times," that the facility "does not currently have the ability to test for coronavirus and there are no general screening protocols in place," and that "no one, including correction officers, is allowed to have hand sanitizer because it is alcohol based." (Dkt. 16, at 5–6). On March 23, an inmate at the MCC tested positive for COVID-19, and one of the facility's housing units is under quarantine. (Dkt. 18, at 1).

temporary release of a detainee when "necessary for preparation of the person's defense or for another compelling reason."

The hazards of a pandemic are immediate and dire, and still the rights of criminal defendants who are subject to the weight of federal power are always a special concern of the judiciary. "The right to consult with legal counsel about being released on bond, entering a plea, negotiating and accepting a plea agreement, going to trial, testifying at trial, locating trial witnesses, and other decisions confronting the detained suspect, whose innocence is presumed, is a right inextricably linked to the legitimacy of our criminal justice system." *Fed. Defs. of N.Y. v. Fed. Bureau of Prisons*, No. 19-1778, 2020 WL 1320886, at *11 (2d Cir. Mar. 20, 2020). *See also United States v. Salerno*, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.").

Several other courts in this District have in past weeks faced defendants situated similarly to Chandler and concluded that "the unprecedented and extraordinarily dangerous nature of the COVID-19 pandemic has become apparent." *United States v. Stephens*, 15-cr-95 (AJN), 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020). *See also United States v. Hudson*, No. 19-cr-496 (CM), minute entry (S.D.N.Y. Mar. 19, 2020) (McMahon, CJ); *United States v. Perez*, No. 19 Cr. 297 (PAE), amended order at 1 (S.D.N.Y. Mar. 19, 2020). *But see United States v. Steward*, 20cr0052 (DLC), 2020 WL 1468005, at *1 (S.D.N.Y. Mar. 26, 2020). This case is not one where the defendant simply makes a generalized argument that the fact of the ongoing pandemic itself is enough to justify temporary release. *See, e.g.*, *United States v. Hamilton*, 19-CR-54-01 (NGG), 2020 WL 1323036, at *1 (E.D.N.Y. Mar. 20, 2020).

The Government distinguishes Judge Nathan's opinion in *Stephens*, in which the court found that the information relied upon by the Government to establish dangerousness under 18

3

U.S.C. § 3142(g) at the prior bail hearing had since "been undermined by new information." *Stephens*, 2020 WL 1295155, at *1. The Government argues that no such change has occurred in Chandler's case. The citation is misleading, however, because the *Stephens* court was explicit that even if it had "conclude[d] that changed circumstances did not compel reconsideration [under 18 U.S.C. § 3142(g)]" the "separate statutory ground" provided by 18 U.S.C. § 3142(i) would nevertheless and on its own "require [the defendant's] release." *Id.* at *2. This Court agrees with the *Stephens* court that 18 U.S.C. § 3142(i) provides a sufficient and independent ground for granting temporary release. The language of 18 U.S.C. § 3142(i) that the court "may . . . permit" the detainee's temporary release "to the extent that the judicial officer determines such release to be necessary" underscores the discretionary nature of relief under the subsection.

The Court is also unconvinced by the Government's argument that, because Chandler's trial is likely to be further delayed due to COVID-19, time preparing for his defense can simply be made up later. (Dkt. 17, at 8). The extraordinary burdens imposed by the coronavirus pandemic, in conjunction with Chandler's right to prepare for his defense, certainly constitute a "compelling reason" that permits this Court to order the temporary release of Chandler pursuant to 18 U.S.C. § 3142(i). *See Fed. Defs. of N.Y.*, 2020 WL 1320886, at *5; *Stephens*, 2020 WL 1295155, at *3 ("[T]he obstacles the current public health crisis poses to the preparation of the Defendant's defense constitute a compelling reason under 18 U.S.C. § 3142(i)."). As another case from this District observed in recent days, this Order pertains to Chandler's particular circumstances, and "should not be construed as a determination by this Court that pretrial detention is unsafe or otherwise inappropriate as a general matter or in any other specific case." *Perez*, amended order at 1.

4

Chandler may be released on his own signature and to his home in Brooklyn with his mother only after all the following conditions are met:

(1) The Defendant must execute a $50,000 bond co-signed by two Financially Responsible Persons.

(2) Chandler shall be placed under 24-hour home incarceration to be enforced by location monitoring technology to be determined by Pretrial Services. The Defendant may only leave his residence for necessary medical services. All other leave from the residence must be submitted through defense counsel for the court's approval.

(3) The Defendant is permitted to self-install the monitoring equipment under the direction and instruction of Pretrial Services.

(4) The Defendant shall not be released until all conditions are met, including the availability of location monitoring equipment.

(5) This Order shall be effective for a period not to exceed 60 days, at which time the need for continued release under the "compelling reason" that release was ordered shall be revisited by the Court.

(6) Within two weeks of his release, Chandler must purchase or secure an iPhone with Facetime capabilities for remote / virtual monitoring by Pretrial Services. Counsel for indigent defendants may seek client service funds from the Federal Defenders for this purpose.

(7) When home visits are scheduled by Pretrial Services, to the best of his ability, Chandler shall comply with Pretrial Services' requests to remove all cohabitants of the residence prior to the visit.

(8) The Defendant must report and disclose to Pretrial Services when any cohabitant of the residence, including himself, may be symptomatic of any illness.

## CONCLUSION

Chandler's motion for temporary pretrial release is granted under 18 U.S.C. § 3142(i) for the compelling reason and under the conditions laid out in this Order. The Court may revoke bail for any non-compliance with those same conditions.

Dated: New York, New York
      March 31, 2020

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge