

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 31, 2020

**BY ECF**
The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007

    Re:    **United States v. Chandler**, 19 Cr. 867 (PAC)

Dear Judge Crotty:

    The Government submits this letter to respectfully apprise the Court of developments relating to the temporary release of the defendant from pretrial detention. Earlier today, the Court ordered that the defendant be temporarily released, pursuant to 18 U.S.C. § 3142(i), subject to the following conditions, among others:

> (2) Chandler shall be placed under 24-hour home incarceration to be enforced by location monitoring technology to be determined by Pretrial Services. The Defendant may only leave his residence for necessary medical services. All other leave from the residence must be submitted through defense counsel for the court's approval.
>
> . . .
>
> (4) The Defendant shall not be released until all conditions are met, including the availability of location monitoring equipment.

(Doc. No. 19.) Following the Court's Order, the Government began conducting co-signer interviews, conferred with Pretrial Services regarding the availability of location monitoring equipment, and requested that the United States Marshals produce the defendant tomorrow, so the defendant can sign his bond, be fitted with an ankle bracelet, and be released.

    The Government has now been advised by the United States Marshals that the defendant is part of a housing unit at the Metropolitan Correctional Center ("MCC") that is under quarantine until April 11, 2020 due to potential COVID-19 exposure, and that the Marshals therefore will not produce him to the courthouse until April 12, 2020 at the earliest. With respect to the signing of the bond, the Government understands that there are remote signing procedures that will allow the

defendant to sign, even if he is not permitted in the courthouse. The Government consents to the defendant signing the bond through those procedures.

However, with respect to location monitoring equipment, Pretrial Services has advised that they will not fit the defendant with an ankle bracelet if the defendant is under quarantine and not produced by the Marshals. Accordingly, this condition of the defendant's temporary release will not be met until April 12, 2020 at the earliest.

The Government has raised this issue with defense counsel and understands that the defense will seek to modify the release conditions so that the defendant will be released without an ankle bracelet, so long as the defendant periodically checks in with Pretrial Services by FaceTime, with the understanding that location monitoring will be implemented at a later date. The Government strongly objects to such a proposal, and it is not consistent with the Court's Order, which makes clear that immediately-enforceable 24-hour home incarceration must be in place upon the defendant's release. Periodic FaceTime calls with Pretrial Services will not ensure that the defendant is incarcerated in his home at all times; indeed, they do not ensure that the defendant is at his home at any time other than during the call itself. For all the reasons set forth in the Government's opposition to the defendant's bail application (Doc. No. 17), the defendant's release under those circumstances would put the community and others in grave danger.

Absent other direction from the Court, the Government will produce the defendant for release on April 12, 2020, which is the earliest possible time all the conditions set forth in the Court's Order can be satisfied.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

by: ___/s/ Jun Xiang_____
Jun Xiang
Michael D. Longyear
Assistant United States Attorneys
(212) 637-2289 / -2223

**CC**
Defense Counsel (By ECF)