**Federal Defenders OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director and Attorney-in-Chief*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

April 1, 2020

> 4-2-2020
> The proposed bail modifications are adopted. Mr. Chandler is to meet all the bail requirements (emphasis on proposed modification ii) prior to release SO ORDERED.
> /S/ Paul A. Crotty

**BY ECF**
The Honorable Judge Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**RE:** <u>United States v. Shakeil Chandler</u>
**19 Cr. 867 (PAC)**

Honorable Judge Crotty:

    I write in response to the Government's March 31, 2020 letter concerning Shakeil Chandler's release from the Metropolitan Correctional Center (MCC).

    The Government has requested the Court to require that Mr. Chandler remain incarcerated—in a housing unit that has been quarantined because two individuals in the unit are symptomatic of the coronavirus and awaiting test results—for twelve additional, unnecessary days. Paradoxically, were Mr. Chandler housed in unit at the MCC that is not under quarantine—where he would have less risk of contracting the virus—he would be eligible for release sooner. The Government's position is counter to the spirit of the Court Order granting bail for Mr. Chandler, which noted, "The hazards of a pandemic are immediate and dire…." The defense therefore respectfully requests that the Court modify its Order to allow for Mr. Chandler's timely release and limit his exposure to the coronavirus.

    On March 31, 2020, the Court issued an Order granting Mr. Chandler's release from the MCC on his own signature to his home in Brooklyn after all of the conditions listed below, in relevant part, are met:

    i) The Defendant must execute a $50,000 bond co-signed by two Financially Responsible Persons.
    ii) Chandler shall be placed under 24-hour home incarceration to be enforced by location monitoring technology to be determined by Pretrial Services…
    iii) The Defendant is permitted to self-install the monitoring equipment under the direction and instruction of Pretrial Services.
    iv) The Defendant shall not be released until all conditions are met, including the availability of location monitoring equipment.

Doc. No. 19.

Within hours of the Court Order, Mr. Chandler secured two financially responsible persons to serve as co-signers for the $50,000 bond. Mr. Chandler's sister, Shaniqua Chandler, and his cousin, Christopher Chandler, were both interviewed and approved by the Government before the end of the day on March 31, 2020. Both cosigners have signed the bond.

That day, the defense spoke with a representative at the Pretrial Services Office about the conditions of Mr. Chandler's release. Pretrial Services advised that there is location monitoring equipment available for Mr. Chandler. However, because Mr. Chandler is currently housed in a quarantined unit, Pretrial will not fit Mr. Chandler for electronic monitoring nor allow him to self-install the monitoring equipment at their direction for fourteen days out of concern for the health of their officers.

But that should not inhibit Mr. Chandler's release. If anything, it underscores just how dangerous his current living conditions are. As a temporary alternative to location monitoring, Pretrial Services recommends three stop-gap measures for individuals released from quarantined units: (1) voice verification over a land line; (2) third party custodian; or (3) daily FaceTime check-in on an iPhone. To implement any of these temporary alternatives to electronic monitoring, Pretrial requires the Court to amend the Order to incorporate the new conditions.

Further, given the circumstances, in order for Mr. Chandler to be released directly from the MCC, the Order must indicate such. Absent an explicit direction to the contrary, the Marshals will not produce Mr. Chandler for release until April 12, 2020. To be clear, the fact that Mr. Chandler is in a quarantined unit does not preclude him from being released immediately. It simply prevents him from being produced to the courthouse for release. If the Court permits, the Marshals may conduct a remote warrant check and then email the MCC to release Mr. Chandler from the MCC once his conditions for release are met.

Finally, the Court Order requires Mr. Chandler's signature on the bond in order for him to be released. Given the current obstacles to an in-person signature, the clerk's office will allow a detained individual to sign a bond electronically, rather than in-person, as generally required. The Government consents to allowing Mr. Chandler to sign the bond remotely.

For the foregoing reasons, Mr. Chandler respectfully requests that the Court modify its Order to include the following:

i) Mr. Chandler may sign the bond remotely/electronically;
ii) Mr. Chandler will be monitored for the first 14 days of release by voice verification over a land line, third party custodian, daily FaceTime check-in on an iPhone, or an alternative means as determined by Pretrial Services. Mr. Chandler must return to the courthouse on the 15th day or as directed by Pretrial for the installation of the electronic monitoring equipment;
iii) Mr. Chandler shall be released directly from the MCC immediately after all of the conditions are met.

Absent these modifications, Mr. Chandler will be forced to remain in a quarantined unit

among symptomatic individuals for nearly two more weeks. Every additional day Mr. Chandler spends confined to a small space with individuals experiencing coronavirus symptoms puts his health at risk and increases his odds of contracting the virus. Accordingly, I respectfully request that the Court modify its March 31, 2020 Order as described above.

      Thank you for your consideration of this matter.

Respectfully submitted,

*/s/*
Marne Lenox
Assistant Federal Defender
(212) 417-8721


cc:    AUSA Jun Xiang (by e-mail)