UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
UNITED STATES OF AMERICA           :
                                    :
            -v.-                    :      1:19-cr-867 (PAC)
                                    :
SHAKEIL CHANDLER                    :      **OPINION & ORDER**
                                    :
            *Defendant.*             :
---------------------------------------------------------------x

Before the Court are motions *in limine* by Defendant Shakeil Chandler and the Government. Chandler is charged with being a felon in possession of a firearm, and his trial is scheduled to begin on May 12, 2021. For the reasons set forth below, the Government's motions are **GRANTED** in part and **DENIED** in part, and Chandler's motions are **GRANTED** in part and **DENIED** in part.

## BACKGROUND

The Government's case is based on the following chain of inferences: social media posts and body camera footage from October 4, 2019 suggest that (1) Chandler and his friend, Joel Clarke, were affiliated with the Crips gang and (2) Chandler "was present in the vicinity of 1331 Beach Avenue in the Bronx, New York, on or about October 4, 2019 because a Crips-related celebration was being held around that location at that time," Def.'s Mot. 2, ECF No. 52; therefore, because Chandler was affiliated with the Crips, he would have (A) motives to carry a firearm or to dispose of a firearm on Joel Clarke's behalf, and (B) opportunity to access a firearm through Crips members. Gov't's Mot. 7–9, ECF No. 53; Gov't's Opp'n 4–7, ECF No 54. Collectively, this is the "Crips Evidence." The Government seeks to have Detective Damian Majersky testify as an expert witness to explain "the significance of hand signs, apparel, and so forth visible on the [social media] posts (and in body-worn camera footage) and the significance

1

of the date 'October 3,'" and that the Grape Street Crips are a subset of the larger Crips organization who derive their practices from those of the parent gang. Gov't's Opp'n 4 & n.4. The Government also intends to have Detective Majersky testify "in general about whether the Crips are engaged in gang-related violence." *Id.* at 4.

Chandler moves to exclude the Crips Evidence on the grounds that it is (1) irrelevant; (2) unduly prejudicial; (3) improper propensity evidence; and (4) hearsay. Def.'s Mot. 3–12; Def.'s Opp'n 2–15, ECF No. 55. He moves to exclude Detective Majerksy's testimony on the grounds that it is (1) irrelevant; (2) unduly prejudicial, a waste of time, and confusing to the jury; and (3) exceeds the bounds of permissible gang expert testimony. Def.'s Mot. 12–15; Def.'s Opp'n 15–17. Finally, Chandler moves to limit the Government's references to Chandler's prior conviction and preclude the Government from (1) using the terms "felon," "convicted felon," and "felony"; (2) referring to Chandler's pretrial detention; and (3) cross-examining Chandler about his 2009 manslaughter conviction, should he choose to testify. Def.'s Mot. 15–20.

## DISCUSSION

### I. Legal Standard

Motions *in limine* "allow a court to rule on the admissibility of potential evidence in advance of trial." *Romanelli v. Long Island R.R. Co.*, 898 F. Supp. 2d 626, 629 (S.D.N.Y. 2012). The court should exclude evidence on a motion *in limine* only when it is "clearly inadmissible on all potential grounds." *United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 164–65 (S.D.N.Y. 2006). A ruling on a motion *in limine* is a preliminary determination to aid the parties in preparation for trial; it is "subject to change as the case unfolds." *United States v. Bowen*, — F. Supp. 3d —, No. 18-cr-205-2, 2021 WL 37577, at *2 (S.D.N.Y. Jan. 5, 2021) (citation omitted).

## II. <u>Crips Evidence</u>

The Crips Evidence is proper "other acts" evidence[1] under Federal Rule of Evidence 404(b)(2) because (i) the Government is offering it to prove Chandler's motives to possess and opportunity to access a firearm; (ii) these permitted purposes are relevant because they make it more likely that Chandler in fact possessed a firearm on October 4, 2019; (iii) the evidence is not substantially more prejudicial than probative, because it is highly probative of Chandler's motives and opportunity, and prejudice can be minimized with a limiting instruction; and (iv) the Court will issue a limiting instruction, charging the jury not to consider the evidence for any purpose other than assessing Chandler's motives and opportunity to possess a firearm on October 4, 2019. *United States v. Edwards*, 342 F.3d 168, 176 (2d Cir. 2003); *United States v. Williams*, 930 F.3d 44, 63 (2d Cir. 2019).[2]

Further, the Crips Evidence is not hearsay. First, the Government may use Chandler's statements against him. Fed. R. Evid. 801(d)(2)(A). Second, the statements made by others are

---

[1] The body camera footage from October 4, 2019, is clearly part of the same transaction as the charged offense; it is not "other acts" evidence. The Crips Evidence that the Court analyzes under Rule 404(b) consists of the social media posts that show Chandler posing with other individuals—Chandler's other acts. To the extent that the Crips Evidence includes the acts of others, those acts do not fall under Rule 404(b)(1) because the acts of others are not being offered to prove those individuals had a propensity for crime and acted in conformity with that propensity, but instead to prove that Chandler was associated with the Crips and thus had a motive and opportunity to possess a firearm.

[2] Chandler objects that the Government has provided insufficient notice of its intention to use character evidence, as required by Rule 404(b)(3). The Government has given Chandler sufficient notice of its intention to introduce the Crips Evidence to prove Chandler's motives and opportunity, and the reasoning in support of those purposes, through the Government's briefing on these motions *in limine*. *See* Fed. R. Evid. 404(b) Advisory Committee's Note to 2020 Amendment ("[I]n many cases, notice is provided when the government moves in limine for an advance ruling on the admissibility of Rule 404(b) evidence."). Further, "[t]he Second Circuit generally disfavors the exclusion of otherwise relevant evidence on technical grounds." *Hart v. BHH, LLC*, No. 15cv4804, 2019 WL 1494027, at *3 (S.D.N.Y. Apr. 4, 2019) (citations omitted). Thus, the Crips Evidence is admissible under Rule 404(b)(2).

3

not offered for their truth, e.g., that these individuals actually are Crips, or that the reader should have a happy hood day, but for the effect these statements had on Chandler—to show that Chandler knowingly associated with people who held themselves out as gang members.[3] Accordingly, **Chandler's motion to exclude the Crips Evidence is denied, and the Government's cross-motion to admit the Crips Evidence is granted.**

## III. <u>Expert Witness Crips Testimony</u>

For the reasons stated above, Detective Majerksy's proposed testimony explaining the Crips Evidence is both relevant and not substantially more prejudicial than probative. The testimony's probative value is not substantially outweighed by a danger that it will waste time or confuse the jury, either. Chandler concedes that "interpreting jargon or coded messages; describing membership rules; and explaining organizational hierarchy" are proper subjects for gang expert testimony, because they are subjects which average jurors are unequipped to understand on their own. Def.'s Mot. 14 (internal quotations omitted); *see also id.* at 13; *United States v. Mejia*, 545 F.3d 179, 189–91 (2d Cir. 2008). But discussing whether the Crips are engaged in gang-related violence is not within the realm of proper expert testimony; that is a factual matter that an average juror could understand, and it is properly admitted through a fact witness. *See Mejia*, 545 F.3d at 194–95. Thus, **Chandler's motion to preclude Detective Majersky's testimony is granted in part and denied in part, and the Government's cross-motion to admit his testimony is granted in part and denied in part.** Detective Majersky

---

[3] The Court understands the Government's reference to information in law enforcement databases identifying Clarke as a "Grape Street Crip" to be a proffer so the Court could determine the relevancy of the Crips Evidence. *See* Fed. R. Evid. 104(b); Gov't's Mot. 3. Because it is unclear that the Government intends to offer that information into evidence, this objection is overruled.

may offer his proposed testimony, but he may not testify about whether the Crips are engaged in gang-related violence.

## IV. Chandler's Remaining Motions

The Government has agreed not to use the terms "felon" and "convicted felon," and not to reference Chandler's pretrial detention. Gov't's Opp'n 7, 9. Thus, **Chandler's motions to preclude the Government's use of the terms "felon" and "convicted felon," and to preclude the Government from referencing Chandler's pretrial detention, are denied as moot.**

As to the word "felony," it is part of an essential element of the charged crime, and although § 922(g)(1) does not use that word, the Court will not restrict the Government to the statute's more cumbersome language. The risk of undue prejudice is not significant, and the Government represents that it will not gratuitously use the term "felony." **Chandler's motion to prohibit the Government from using the word "felony" is, therefore, denied.**

Further, because it is an essential element of the charged crime, the Government must be allowed to reference the prior conviction to some extent. **Chandler's motion to limit the Government's references to his prior conviction is denied.** If Chandler believes that the Government's references are becoming cumulative and unduly prejudicial during trial, he may renew his objection.

Finally, Chandler's motion to preclude the Government from cross-examining him about his prior conviction is moot unless (1) he testifies and (2) he opens the door to that evidence (for example, by claiming that he has never possessed a gun, or has never engaged in violence), because the Government has represented that it does not intend to discuss Chandler's prior conviction in its case in chief, nor to cross-examine Chandler about it in the first instance. Gov't's Opp'n 9–10. Thus, **Chandler's motion to preclude the government from cross-**

**examining him about his prior conviction is denied as moot.** *United States v. Torres*, 435 F. Supp. 3d 526, 536 (S.D.N.Y. 2020).

Dated: New York, New York
     May 10, 2021

SO ORDERED

/s/ Paul A. Crotty
_____
PAUL A. CROTTY
United States District Judge